02D01-2109-CT-000468

Allen Superior Court 1

Filed: 9/2/2021 11:50 AM
Clerk
Allen County, Indiana

| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. |

DEVEN L. COBB,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
RMLS HOP INDIANA, L.L.C.,　　　　)
d/b/a IHOP ROMULUS, INC.,　　　　)
　　　　　　　　　　　　　　　　　)
　　Defendant.　　　　　　　　　　)

## COMPLAINT

The Plaintiff, Deven L. Cobb, alleges against Defendant that:

1. Plaintiff, Deven L. Cobb is a resident of Fort Wayne, Indiana and worked at Defendant RMLS HOP INDIANA, L.L.C., d/b/a IHOP Romulus, Inc., from about December 2018 and ended his employment with "IHOP" on or about December 2020.

2. Defendant RMLS HOP INDIANA, L.L.C., d/b/a IHOP Romulus, Inc, is a corporation authorized to do business in the State of Indiana and does so at several locations, including 4403 Coldwater Road, Fort Wayne, Indiana 46825. IHOP's home office is located at 1048 N. 44th Street, Suite 210, Phoenix, AZ 85008. Its Registered Agent is 5534 Saint Joe Road, Fort Wayne, Indiana 46835.

3. Plaintiff submitted a Wage Claim/Wage Payment action pursuant to I.C. § 22-2-5-1/§ 22-2-9-1, which was attached to a letter from Plaintiff's counsel to the Indiana Department of Labor dated January 14, 2021 (attached hereto and made a part hereof as Exhibit A & B). In response, the Office of the Attorney General of the

State of Indiana authorized Plaintiff's counsel to proceed with an individual action on behalf of the Plaintiff dated February 11, 2021 (Exhibit C).

4. Plaintiff started his job with IHOP around December 2018 and thereafter was in and out of jail but upon each release from incarceration he was allowed to start his job again with IHOP.

5. Plaintiff worked at an hourly rate with overtime after forty (40) hours and most often averaged sixty-five (65) to seventy (70) hours a week.

6. Plaintiff signed a contract with Defendant the last week of July 2020, to become an Assistant Manager at an increase salary of $43,000.00 with a bonus program. Plaintiff signed the papers showing the increase in salary. Then Plaintiff was told he wouldn't get the salary increase because of his criminal record, but he was still obligated to perform the Assistant Manager duties. However, Plaintiff was never paid the increase in salary to commensurate with those duties. Nor was he paid for the hours he worked.

7. IHOP made the decision that they would reduce Plaintiff's overtime by making him work off the clock and that his time would be added in later which effectively took away from Plaintiff's earned overtime. Plaintiff felt compelled to work in this situation where he was not receiving time and a half for overtime hours in violation of the Fair Labor Standards Act, otherwise he would be demoted.

8. During many weeks, Plaintiff worked fifteen (15) hour shifts without a break and by the end of the week he would have seventy (70) plus hours, but he would get shorted overtime.

9. Plaintiff's job at IHOP began to consume his entire life, and often times he would only sleep four (4) hours a day, and he would have to use his own vehicle to pick up product at other IHOP locations, and he never got paid for these expenses or the time for loading and transporting the product.

10. Under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, Plaintiff has been denied payment at the overtime rate of one and a half times his regular hourly rate. Plaintiff claims that he is entitled to his overtime pay, plus liquidated damages in a like amount, plus reasonable attorney's fees and costs.

11. Plaintiff claims that under the Indiana Wage Payment Statutes, I.C. § 22-2-5-1/§ 22-2-9-1 *et seq.*, Plaintiff is entitled to his appropriate amount of pay, including overtime, plus double that amount as liquidated damages, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for his appropriate overtime pay, plus liquidated damages, all pursuant to the Fair Labor Standards Act and the Indiana Wage Claims Act and the Indiana Wage Payment Act, for reasonable attorney's fees and costs, and for all appropriate liquidated damages and any all-other relief available under the Fair Labor Standards Act and/or Indiana Statute.

### JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS ♦ SMITH ♦ WALLACE, LLP**

3

EXHIBIT 1 TO DEFENDANT'S NOTICE OF REMOVAL

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
*Attorney for Plaintiff*